```
              IN THE UNITED STATES DISTRICT COURT
                 THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION


CARLTON GARY,                       *

        Petitioner,                 *

v.                                  *
                                          CASE NO. 4:97-CV-181 (CDL)
DERRICK SCHOFIELD, Warden,           *

        Respondent.                 *
```

O R D E R

Petitioner has filed a Motion for Funds to Pay Experts at Clemency Hearing.  For reasons discussed below, this motion is denied.

According to Petitioner, the Georgia Board of Pardons and Parole ("Board") has scheduled a clemency hearing for December 14, 2009. At this hearing, Petitioner seeks $500.00 because he "would like to present . . . expert testimony from Dr. Thomas David regarding his opinions concerning a bite mark mold made of a bite mark found on the left breast of Janet Cofer, one of the individuals believed to be a victim of the so-called 'Columbus Stocking Strangler.'" (Mot. for Funds to Pay Experts at Clemency Hr'g 2).  Petitioner also seeks $2000.00 in order to present the testimony of Roger Morrison. Mr. Morrison would provide testimony about the "semen sample found on the abdomen of Ms. Martha Thurmond, one of the victims in this case." (Mot. for Funds to Pay Experts at Clemency Hr'g 4).

In *Harbison v. Bell,* 129 S. Ct. 1481 (2009), the United States Supreme Court recently held that 18 U.S.C. § 3599 (a)(2) "authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation." *Id*. at 1491. During this representation, federally appointed counsel may request the Court to pay for necessary experts. 18 U.S.C. § 3599(f) governs such requests and provides as follows:

> Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under subsection (g).

*Id.*

The Eleventh Circuit Court of Appeals has explained that "[a]lthough we have not analyzed the term 'reasonably necessary,' the Fifth Circuit has held that the statute requires the defendant to demonstrate a "substantial need" for the requested assistance." *United States v. Brown*, 441 F.3d 1330, 1364 (11th Cir. 2006)(quoting *Riley v. Dretke*, 362 F.3d 302, 307 (5th Cir. 2000)).

In this case, Petitioner has not shown a substantial need to have these two experts testify at his clemency hearing. Petitioner essentially seeks to relitigate issues that were litigated at length in this Court and presented to the United States Court of Appeals for the Eleventh Circuit. One district court that recently considered a similar request explained that "clemency is not a . . . forum in

2

which to relitigate issues that have been already considered extensively and thoroughly by the state and federal courts." *Wood v. Thaler*, No. A-09-CA-789-SS, 2009 U.S. Dist. LEXIS 103787 at *15 (W. D. Tex. Nov. 6, 2009).

In this case, the Court initially authorized Petitioner to expend up to $1,500.00 for the purposes of having Dr. Thomas David examine the bite mark mold in question. R. at 158). Thereafter, Petitioner determined that $1,500.00 was not enough and he requested "that the Court, pursuant to the authority of 28 U.S.C. 848(q)(9)[1], authorize payment for Dr. David's time and expenses in an amount up to a total of $7,000.00, to include hearing preparation and testimony." R. at 176). The Court granted Petitioner's motion and then held an evidentiary hearing on February 14, 2007 at which Dr. David presented extensive testimony "regarding his opinions concerning a bite mark mold made of a bite mark found on the left breast of Janet Cofer." (Mot. for Funds to Pay Experts at Clemency Hr'g 2). This is the same testimony that Petitioner wishes to have Dr. David present again at the clemency hearing. However, it is already set out in the record.

The same can be said for Roger Morrison. Petitioner requested the appointment of an expert regarding the semen evidence on October 27, 2000 and the Court granted his request on November 8,

---

[1] 21 U.S.C. § 848 (q) contained identical language to 18 U.S.C. § 3599 (f) and controlled the requests for investigative and expert services prior to the adoption of 18 U.S.C. § 3599 (f) in 2006.

3

2000. R. at 42, 43). Thereafter, the Court held an evidentiary hearing at which Roger Morrison was allowed to provide his opinions about the "then recently discovered work papers of the test of a neat (undiluted) semen sample found on the abdomen of Ms. Martha Thurmond." (Mot. for Funds to Pay Experts at Clemency Hr'g 4). This is the same testimony that Petitioner seeks to have Mr. Morrison repeat for the Board. However, it is already part of the record.

This Court has already reviewed the opinions and testimony of Dr. David and those of Mr. Morrison and ruled against Petitioner. The United States Court of Appeals for the Eleventh Circuit upheld this ruling and the United States Supreme Court denied Petitioner's Petition for Writ of Certiorari. This Court "cannot condone the continual, repeated outflow of taxpayer funds to relitigate matters which [Petitioner] has already been given a full and fair opportunity to litigate."[2] *Wood*, 2009 U.S. Dist LEXIS at *19. Moreover, the Court finds that "the funds requested cannot be considered 'reasonably necessary' to [Petitioner's] clemency proceedings, as they are requested only to present to the Board . . . issues that have been meticulously considered by numerous courts." *Id*. Finally, if Petitioner wishes to present these experts' opinions to the Board,

---

[2]As the Eleventh Circuit stated, for the past 22 years, Petitioner has had "every possible legal avenue available to him to obtain a new trial. In all, his convictions and death sentence have been reviewed on at least ten separate occasions. In each instance, he has been denied relief." *Gary v. Hall*, 558 F.3d 1229, 1231 (11th Cir. 2009).

they are already in the record, and the transcribed testimony can be presented without the need to authorize additional funds.

Accordingly, petitioner's Motion for Funds to Pay for Experts at Clemency Hearing is denied.

IT IS SO ORDERED, this 11th day of December, 2009.

                                        S/Clay D. Land
                                            CLAY D. LAND
                                   UNITED STATES DISTRICT JUDGE