IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CARLTON MICHAEL GARY, :
:
        Petitioner, :
:
  VS. :
: CIVIL NO: 4:97-CV-181-CDL
Warden, CARL HUMPHREY, :
:
        Respondent. :

## ORDER

Petitioner has filed a *pro se* "Motion for Supersedeas or Remittitur, Evidentiary Hearing and Appointment of Counsel" and a separate *pro se* "Motion for Appointment of Counsel." ECF Nos. 268; 269.

In these motions, Petitioner complains that one of his appointed counsel, John R. Martin, has cancer and is no longer providing effective representation. ECF No. 268 at 2-7. Petitioner asks the Court to stay his March 15, 2018 execution, appoint new counsel for a "writ of habeas corpus to be filed," and hold an evidentiary at which he could present his ineffective assistance of federal habeas counsel claims. ECF No. 268 at 7.

Respondent argues that the Petitioner's motion for stay and

appointment of counsel are for the sole purpose of raising an ineffective assistance of counsel claim which can only be filed in a 28 U.S.C. § 2254 action. ECF No. 271 at 2. Thus, Respondent maintains that this Court does not have subject matter jurisdiction over the case because the Eleventh Circuit has not given Petitioner permission to file a second or successive habeas petition. ECF No. 271 at 2-3.

Petitioner filed his original 28 U.S.C. § 2254 petition in this Court on November 10, 1997. ECF No. 8. The Court appointed both John R. Martin and Michael K. MyIntyre to represent Petitioner. ECF Nos. 5; 12. This Court denied habeas relief on September 28, 2004 and on May 30, 2007, following a limited remand. ECF Nos. 127; 184. The Eleventh Circuit affirmed the denial of relief, *Gary v. Hall*, 558 F.3d 1229 (11th Cir. 2009), and the United States Supreme Court denied certiorari, *Gary v. Hall*, 558 U.S. 1052 (2009).

On March 14, 2018, Petitioner's appointed counsel filed in the Eleventh Circuit an application seeking permission to file a second or successive habeas petition and a motion for stay of execution. ECF No. 271 at 2. This application, in which Petitioner raises claims of actual innocence, is still pending. ECF No. 271 at 2.

To the extent that the Court interprets Petitioner's motions as a second or successive habeas, it clearly does not have jurisdiction. Additionally, to the extent that Petitioner requests a stay and appointment of counsel so that he can litigate the second or successive habeas that he has already asked the Eleventh Circuit for permission to file, his motions are premature. Before a second or successive habeas action may be filed in the district court, the applicant must receive authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). The requirement that a habeas petitioner obtain authorization from the circuit court before filing his second or successive petition in the district court is jurisdictional. *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Only if the Eleventh Circuit grants Petitioner's pending application for permission to file a second habeas will this Court have subject matter jurisdiction over that petition.

To any extent that Petitioner seeks a stay and substitution of counsel to help him file yet another application with the Eleventh Circuit in which he alleges ineffective assistance of federal habeas counsel, his motions must be denied as futile. An indigent inmate who challenges his death sentence in federal court is entitled to the appointment of counsel "[i]n any post

3

conviction proceeding under section 2254." 18 U.S.C. § 3599(a)(2). Once appointed, counsel must represent petitioner "throughout every subsequent stage of available judicial proceedings," including state clemency proceedings. 18 U.S.C. § 3599 (e). The Court appointed counsel under § 3599, and they have represented Petitioner through all of his federal habeas proceedings and through two state clemency proceedings.

"Substitution of that federally appointed counsel is warranted only when it would serve the 'interests of justice.'" *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1259 (11th Cir. 2014) (quoting *Martel v. Clair*, 565 U.S. 648, 658 (2012)). The Court is not required to appoint new counsel so that a petitioner might file a claim that provides no basis for federal habeas relief. *Id*.

Petitioner states he wants to raise a claim that one of his appointed federal habeas attorneys has provided ineffective assistance. A free-standing claim of ineffective assistance of federal habeas counsel does not provide a basis for federal habeas relief. 28 U.S.C. 2254(i); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (finding that if there is no constitutional right to counsel, there can be no deprivation of effective assistance); *Chavez v. Sec'y Fla. Dep't of Corr.*, 742 F.3d 940,

4

944 (11th Cir. 2014) (citing *Coleman*, 501 U.S. at 752, and 28 U.S.C. § 2261(e)) ("The Supreme Court has long held that there is no constitutional right to counsel in post-conviction proceedings, even in capital cases, which necessarily means that a habeas petitioner cannot assert a viable, freestanding claim for the denial of effective assistance in such proceedings."). Therefore, it would not be in the "interests of justice" to substitute counsel to pursue such a claim. *Martel*, 565 U.S. at 658. Also, there is no reason to grant Petitioner's request for a stay or an evidentiary hearing to allow him to pursue a futile claim. *See Bundy v. Wainwright*, 808 F.2d 1410, 1421 (11th Cir. 1987) (stating that one factor a district court must consider when reviewing a request to stay execution under 28 U.S.C. § 2251 is whether the movant "has made a showing of likelihood of success on the merits").

Accordingly, Petitioner's motions are denied and Respondent's motion to dismiss is granted.[1]

SO ORDERED this 15th day of March, 2018.

_S/Clay D. Land  
CLAY D. LAND, CHIEF JUDGE  
UNITED STATES DISTRICT COURT

---

[1] The dismissal of the motions is without prejudice. If Petitioner obtains authorization from the Eleventh Circuit to file a second or successive habeas, he may refile any motions in that second or successive habeas action.