IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10989-P

_____

In re: CARLTON MICHAEL GARY,

　　　　　　　　　　　　　　　　　　　　　　　　　　　Petitioner.

_____

Middle District of Georgia

_____

Before: TJOFLAT, WILSON and WILLIAM PRYOR, Circuit Judges.

BY THE COURT:

　　Petitioner is a death row inmate. His execution is to be held today, March 15, 2018, at 7:00 p.m. Before us is his application for permission to file a second petition for writ of habeas corpus in the District Court and Motion for Stay of Execution. For the reasons that follow, we deny his application and his motion for a stay.

　　In August 1986, jury found Petitioner guilty on three counts of malice murder in the Superior Court of Muscogee County, Georgia. The murders took place in October and December 1978. The victims were Martha Thurmond, Ruth Sheible, and Kathleen Woodruff. The circumstances under which these crimes occurred are laid out in Georgia Supreme Court decision affirming his convictions

and death sentences, *Gary v. State*, 389 S.E.2d 218 (Ga. 1990), and in this Court's decision in *Gary v. Hall*, 558 F.3d 1229 (11th Cir. 2009), affirming the District Court's denial of habeas corpus relief.

The claims Petitioner seeks to present to the District Court are that his execution would violate the Eighth and Fourteenth Amendments (1) because the State destroyed evidence in connection with a post-conviction DNA test of vaginal washings from the body of Martha Thurmond and (2) because he is actually innocent of the murders. These claims are based on the evidence presented to the Muscogee County Superior Court at a hearing on Petitioner's "Extraordinary Motion for New Trial or in the Alternative for a New Sentencing." *See* Order on Petitioner's Extraordinary Motion for new Trial or in the Alternative for a New Sentencing, *Gary v. State*, Nos. 48573 and 48937 (Ga. Sup. Ct. Sept. 1 2017). The Superior Court denied Petitioner's motion on September 1, 2017, in a comprehensive order of forty-nine pages. The Court's order is in the Appendix to Petitioner's petition to the United States Supreme Court for a writ of certiorari to the Georgia Supreme Court which denied Petitioner's application for a certificate of probable cause to review the Superior Court's September 1 decision. *See* Petition for Writ of Certiorari, *Gary v. Georgia*, — U.S. — (2018) (No. 17-8085).

Petitioner's first claim is not cognizable under 28 U.S.C. § 2254. He contends that vaginal washings taken from the body of Mrs. Thurmond were

contaminated, and thus effectively destroyed, during DNA testing at the Georgia Bureau of Investigation ("GBI"). This contamination was discovered after the GBI sent the washings to Bode Technology Laboratory for further DNA testing pursuant to a Consent Order issued by the Superior Court of Muscogee County. In its order denying Petitioner's extraordinary motion for new trial, the Superior Court described the contamination of the vaginal washings.

> After the Petitioner filed his Motion for the Performance of Forensic DNA Testing, and upon remand from the Supreme Court of Georgia, the State and the Petitioner agreed that the Bode Technology Laboratory (hereinafter "Bode Lab") would perform DNA testing on four pieces of evidence: the vaginal washings slide of Mrs. Thurmond, a slide from the swab of Mrs. Thurmond's abdomen, the vaginal washings slide of Mrs. Dimenstein, and the vaginal contents slide of Mrs. Woodruff. Consent Order For Limited DNA Testing, filed February 19, 2010. . . .
>
> Mrs. Fowler [] testified that the male DNA profile found in the Thurmond vaginal washings slide was from a quality control sample donor. EMNT, Vol. 3, pp. 691. She testified that she was responsible for investigating how the contamination occurred. EMNT, Vol. 3, pp. 669. She testified that a scientist who shared the same lab space as Connie Pickens had worked with a particular quality control sample that was solely used for male DNA screening, and that Mrs. Pickens was not using that quality control sample during her Thurmond DNA testing. EMNT, Vol. 3, pp. 669. Mrs. Fowler concluded that the quality control sample the scientist used at that shared lab area was the same quality control sample that contaminated the Thurmond DNA slide. EMNT, Vol. 3, pp. 670-671.

Order on Petitioner's Extraordinary Motion, *Gary*, at 11–13. Petitioner argued that the Court should draw an adverse inference—that the

contamination was the product of bad faith—as a basis for granting his extraordinary motion for new trial. The Court refused to do so.

> The Court will not draw the adverse inference against the State that the Thurmond DNA evidence exculpates the Petitioner. The Petitioner has not demonstrated to the satisfaction of the Court that the State contaminated the Thurmond sample in bad faith. The testimony at the evidentiary hearing demonstrated that the Thurmond sample was contaminated with a specially used quality control sample, which was handled by another scientist who used shared the same lab area as Mrs. Pickens, who was testing the Thurmond sample. In order to obtain an adverse inference against the State for failing to properly preserve evidence, the Petitioner must prove that the DNA evidence was constitutionally material and that, in this case, the GBI Crime Lab, and therefore the State, acted in bad faith. *State v. Mussman*, 289 Ga. 586, 590, 713 S.E.2d 822, 825 (Ga. 2011). . . . In this case, the Petitioner has failed to present any evidence that the GBI Crime Lab or the State, in failing to preserve the evidence properly, acted with any improper motive or through a conscious doing of wrong, or that the State contaminated the evidence with the intent of keeping exculpatory evidence out of the Petitioner's hands.

*Id.* at 41–42. Petitioner's contamination claim is not cognizable under 28 U.S.C. § 2254 because it is not based on an event that occurred during Petitioner's prosecution for the murders. *See In re Bolin*, 811 F.3d 403, 411 (11th Cir. 2016). The testing and discovery of the contaminated sample occurred after Petitioner filed a "Motion for the Performance of Forensic Deoxyribonucleic Acid (DNA) Testing" in the Superior Court of Muscogee County in December 2009, long after his trial. *See* Order on Petitioner's Extraordinary Motion, *Gary*, at 9, 11.

Petitioner's second claim, a free standing claim that he is actually innocent of the murders, has been barred by the Supreme Court. *See Herrera v. Collins*, 506

U.S. 399, 400, 113 S. Ct. 853, 860 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *see also Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1265 (11th Cir. 2012) ("[I]n this Circuit we have already ruled that *Osborne* foreclosed *Herrera*-based actual innocence claims of the sort made here.").

Petitioner's application for a second petition for writ of habeas corpus and motion for a stay of execution are **DENIED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 15, 2018

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-10989-P
Case Style: In re: Carlton Gary
District Court Docket No: 4:97-cv-00181-CDL

The enclosed order has been entered. No further action will be taken in this matter.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: David L. Thomas
Phone #: (404) 335-6171

Enclosure(s)

DIS-4 Multi-purpose dismissal letter